UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

QIANFAN LI,

               Petitioner,

      v.

FIELD OFFICE DIRECTOR, *et al.*,

               Respondents.

Case No. 1:26-cv-03480-NW

**ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS**

Re: ECF No. 1

This habeas action concerns the detention of Qianfan Li ("Petitioner"), a noncitizen who entered the United States on April 10, 2025. Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") on March 19, 2026. This matter is before the Court on Petitioner's writ of habeas corpus. For the reasons explained below, the Court DENIES without prejudice Petitioner's writ of habeas corpus.

## I.    BACKGROUND

Petitioner is a citizen of China who entered the United States on April 10, 2025 with a B-2 visa. ECF No. 1 ("Pet") ¶ 42. Since entering the United States, she has reunited with her husband, who is a lawful permanent resident, and has filed an I-485 adjustment-of-status application. *Id*. Petitioner's husband has lived in the United States for "seven years, maintains stable employment, has established a stable residence, and has strong community ties." *Id*. ¶ 44.

Petitioner was arrested by ICE on March 19, 2026, while attending a scheduled adjustment-of-status interview at the U.S. Citizenship and Immigration Services ("USCIS") office in Fresno, California. *Id*. ¶ 45. The warrant for her arrest indicates that her arrest was based on "probable cause to believe that [Petitioner was] removable from the United States." ECF 7-3. Petitioner has been continuously detained since then. Pet. ¶ 46.

On April 8, 2026, Petitioner received a "custody redetermination hearing pursuant to 8 C.F.R. § 1236" before an Immigration Judge ("IJ").  ECF 7-2 at 1; *see also* Pet. ¶ 49.  The IJ denied bond, finding that Petitioner was "a significant flight risk such that no amount of bond or conditions would secure her future court appearance" as she had "overstayed her visa[,]" had not "presented sufficient evidence of a stable residential history[,]" or stable marital history. ECF 7-2 at 1.  The findings indicate that Petitioner "provided testimony[,]" however, it is unclear from the record before the Court whether Petitioner was represented by counsel during the hearing or what burden of proof was applied.  *Id*.  Petitioner reserved her right to appeal the decision.  *Id* at 2.  The order indicates that the appeal was due on May 8, 2026, though neither party has indicated whether an appeal was filed.  *Id*.

Petitioner filed a petition for writ of habeas corpus, arguing that the Government's application of Section 1225 to her violates the INA and the Due Process Clause of the Fifth Amendment.  Pet. ¶¶ 50–58.  She does not challenge the constitutional adequacy of the custody redetermination hearing she received on April 8, 2026, or contend that she has been detained for an unconstitutional duration.  In Respondents' two-paragraph response, the Government does not argue that Petitioner has a criminal record in the United States or elsewhere, or that she has already been provided adequate constitutional protections under the INA.  ECF No. 7 ("Opp.").  Instead, the Government relies entirely on its new interpretation of 8 U.S.C. § 1225(b)(2)(A) ("Section 1225") as mandating Petitioner's detention, a position Petitioner disputes.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

United States District Court
Eastern District of California

2

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner argues that she is being unlawfully detained under Section 1225 in violation of the INA and his due process rights. *See* Pet. ¶¶ 50–58. According to Petitioner, 8 U.S.C. § 1226 ("Section 1226") controls her arrest and detention. *Id*. ¶ 57. As a remedy for the Government's unlawful detention under Section 1225, she requests that she be provided "with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days[,]" or immediate release. *Id*. at 12. In opposition, Respondents argue that Petitioner is "subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)[]" because she "entered the United States illegally[,]" and is, thus, an "applicant for admission" as defined in Section 1225. Opp at 1.

As an initial matter, the Court rejects Respondent's argument that Section 1225 justifies mandatory detention. Courts throughout this Circuit have held that Section 1225 does not apply to noncitizens like Petitioner who entered the United States without inspection. *Gutierrez v. Chesnut*, No. 1:25-cv-1515 DAD AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-cv-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-cv-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025) ("The government's argument that section 1225(b)(2)(A) applies to all noncitizens present in the United States without admission is unpersuasive."); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025); *see also*, *Barbosa da Cunha v. Freden*, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026). This Court concludes likewise, and finds that detention, bond, and release in Petitioner's case is governed by Section 1226, which, under its

implementing regulations, provides for a bond hearing.  *See* 8 C.F.R. § 1236.1(d)(1) ("respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released").

The issue, however, is that Petitioner received a custody redetermination hearing before an IJ roughly six weeks ago "pursuant to 8 C.F.R. § 1236[,]" where the IJ considered testimony and determined that Petitioner was a flight risk.  *See* ECF 7-2.  As such, based on the record before the Court, it appears that Petitioner has received a bond hearing pursuant to Section 1226—the very relief she seeks in Count I of her Petition.  Pet. ¶ 53.

As to Petitioner's due process claim (Count II), Petitioner contends that "Respondent's continued reliance on § 1225(b) is unlawful and that Petitioner is entitled to a bond hearing under § 1226(a)."  Pet. ¶ 58.  Although the Court agrees with this proposition, as the record indicates and as the Court discussed above, Petitioner has recently received a bond hearing.  As the Ninth Circuit has determined that Section "1226(a)'s procedures [facially] satisfy due process," and Petitioner has not challenged the constitutional adequacy of the hearing conducted in early April, it is unclear what further process is due at this time.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022) (rejecting a facial challenge to Section 1226 without "foreclos[ing] all as-applied challenges to § 1226(a)'s procedures").

## IV.   CONCLUSION

For the reasons stated above, the Petition is DENIED without prejudice. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 15, 2026

Noël Wise
United States District Judge